# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

DANNY MONTANA GUERRA, CDCR #C-23500,

    Plaintiff,

vs.

G.J. JANDA; P. NAVA; N. DURAN; D. ANAYA; A. MILLER; J. CRIMAN; M. McNAIR; M. McSHAN; L. MOSCHETTI; J. BUILTMAN; R. DOMINGUEZ,

    Defendants.

Civil No. 12-CV-2313 BEN (WVG)

**ORDER:**

**(1) DISMISSING CERTAIN DEFENDANTS AND CLAIMS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b); AND**

**(2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT ON REMAINING DEFENDANTS**

**[ECF Nos. 10, 11]**

    Before the Court is Plaintiff's First Amended Complaint ("FAC"). For the reasons stated below, the Court dismisses certain defendants and claims pursuant to 28 U.S.C. 1915(2)(2) & 1915A(b) and directs the U.S. Marshal to effect service of the FAC on the remaining defendants.

//

## I. Procedural History

On September 21, 2012, Danny Montana Guerra ("Plaintiff"), a state prisoner incarcerated at Calipatria Prison in Calipatria, California, and proceeding pro se, filed a civil rights Complaint pursuant to 28 U.S.C. § 1983. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). On January 3, 2013, this Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim upon which relief may be granted. (ECF No. 4.) The Court informed Plaintiff that he could file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. (*Id.*) On February 22, 2013, Plaintiff filed a motion for reconsideration (ECF No. 10) as well as the FAC (ECF No. 11).

## II. Sua Sponte Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A). Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it

appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) and *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may not "supply essential elements of the claim that were not initially pled," *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's complaint is brought under 42 U.S.C. § 1983. He asserts that he was a victim of retaliation in violation of the First Amendment due to his litigation activities. He also alleges that his Fourteenth Amendment due process rights were violated when he was repeatedly denied a clerical job based on false information in his file.

### A. Due Process Claims

Plaintiff alleges that his Fourteenth Amendment due process rights were violated when he was denied a clerical job and required to take a janitorial job instead.

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc). "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). In some

cases, state statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited such instances. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner must allege a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

The Ninth Circuit has consistently held that "the Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment.'" *Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) (quoting *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986), and citing *Baumann v. Az. Dep't of Corr.*, 754 F.2d 841, 846 (9th Cir. 1985)); *see also Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997); *Toussaint v. McCarthy*, 801 F.2d 1080, 1094-95 (9th Cir. 1986); *Rizzo v. Dawson*, 778 F.2d 527, 531 (9th Cir. 1985); *Hrbek v. Farrier*, 787 F.2d 414, 416 (8th Cir. 1986) ("There is no constitutional right to prison wages and any such compensation is by the grace of the state.") Plaintiff is unable to demonstrate either a liberty or property interest in his prison employment arising directly under the Fourteenth Amendment. Accordingly, claims brought under the Fourteenth Amendment are dismissed.

### B. First Amendment Retaliation Claims

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff seeks to hold Defendants liable for allegedly retaliatory conduct dating back to 2003. Plaintiff

did not file this action until September 2012. This raises statute of limitations concerns.

Where the running of the statute of limitations is apparent on the face of the complaint, dismissal for failure to state a claim is proper. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993). Because section 1983 contains no specific statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). Effective January 1, 2003, California's statute of limitations for personal injury actions was extended to two years. CAL. CODE CIV. PROC. § 335.1. The statute of limitations is tolled, however, while a prisoner completes the mandatory exhaustion process for his claims. *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005).[1]

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Hardin v. Staub*, 490 U.S. 536, 543-44 (1989) (federal law governs when a § 1983 cause of action accrues). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Maldonado*, 370 F.3d at 955.

Plaintiff first alleges that Moschetti and Dominguez, in retaliation for his litigation activities, took steps in 2003 to have him removed as a clerk by placing false disciplinary charges in his central file. Plaintiff was clearly aware of these charges at the time; he took steps to have them dismissed. Accordingly, these actions cannot form the basis for a First Amendment retaliation claim brought in 2012. The claims against Moschetti and Dominguez are time-barred.

---

[1] California also affords prisoners sentenced "for a term less than for life" statutory tolling for two years. CAL. CODE CIV. PROC. § 352.1(a); *Blanas*, 393 F.3d at 927 (9th Cir. 2004) (tolling available based on "disability of imprisonment"). However, because Plaintiff is serving a life sentence without the possibility of parole (FAC, Exh. D), this tolling provision does not apply.

Plaintiff next alleges that Anaya and Builtman secretly denied him a clerical position in 2004 in retaliation for his litigation activities.  If Plaintiff knew of the alleged injury when it occurred, these claims would be time barred.  Plaintiff appears to allege, however, that it was accomplished "by way of hidden documents," which he only learned about in September 2010.  The Court cannot discern from the face of the complaint whether Plaintiff "had reason to know" of the alleged injury at some earlier point.  Accordingly, the Court cannot say for certain whether these claims are time-barred.  Drawing all reasonable inferences in Plaintiff's favor, the Court finds that Plaintiff has stated cognizable retaliation claims against Anaya and Builtman.

Plaintiff next alleges that Janda, Duran, and Criman, again "[b]y way of hidden documents," denied him a clerical position in 2006 in retaliation for his litigation activities.  Plaintiff alleges that he learned about this in September 2010.  The Court cannot discern from the face of the complaint whether Plaintiff had reason to know of the alleged injury at some earlier point.  Accordingly, the Court cannot say for certain whether these claims are time-barred.  Drawing all reasonable inferences in Plaintiff's favor, the Court finds that he has stated cognizable retaliation claims against Janda, Duran, and Criman.

Finally, Plaintiff alleges that Nava, Miller, McShan, and McNair denied him a clerical position in February and June 2010, again in retaliation for begin a "litigation menace."  This time, Plaintiff was aware of the conduct as it occurred.  The Court suspects these claims are time barred, as more than two years elapsed before Plaintiff filed suit.  The Court declines to dismiss these claims at the screening stage, however, because it is not clear whether Plaintiff is entitled to tolling.  Plaintiff appears to allege that he pursued administrative remedies that were not denied until "May-June 2012."  Accordingly, the Court cannot discern from the face of the complaint whether the claims are time-barred.

In sum, Plaintiff's claims against Defendants Dominguez and Moschetti are dismissed as barred by the applicable statute of limitations.  Plaintiff's First

Amendment retaliation claims against Defendants Anaya, Builtman, Janda, Duran, Criman, Miller, McNair, McShan, and Nava are sufficiently pleaded to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, Plaintiff is entitled to U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

### III.

#### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1. Plaintiff's claims against Defendants Dominguez and Moschetti are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) and as barred by the applicable statute of limitations. The Clerk of Court is directed to terminate these Defendants from the Court's docket.

2. Plaintiff's Fourteenth Amendment due process claims are **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b) .

**IT IS FURTHER ORDERED** that:

3. The Clerk shall issue a summons as to Plaintiff's First Amended Complaint upon Defendants Anaya, Builtman, Janda, Duran, Criman, Miller, McNair, McShan, and Nava and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, the Court's Order granting Plaintiff leave to proceed IFP, and certified copies of his First Amended Complaint and the summons

|   | for purposes of serving each Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon each Defendant as directed by Plaintiff on each Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3). |

4. Defendants Anaya, Builtman, Janda, Duran, Criman, Miller, McNair, McShan, and Nava are thereafter **ORDERED** to respond to Plaintiff's First Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

5. Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED: August 19, 2013

_____
Hon. Roger T. Benitez
United States District Judge