UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MONTANA GUERRA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>G.J. JANDA, et al.,<br><br>　　　　　Defendants. | Civil No.12-2313-BEN(WVG)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY STAY OF PROCEEDINGS<br><br>(DOC. NO. 15) |

On September 4, 2013, Plaintiff Danny Montana Guerra ("Plaintiff") filed a Motion For Temporary Stay of Proceedings ("Motion"). The Court, having reviewed the Motion, and GOOD CAUSE APPEARING, HEREBY DENIES the Motion.

　　A. Procedural Background

On February 22, 2013, Plaintiff filed a First Amended Complaint ("FAC"). The FAC contains allegations that prison officials in the prison in which he was housed (Calipatria State Prison) violated his due process rights when he was denied a clerical job and was required to take

a janitorial job instead. On August 20, 2013, the due process claims were dismissed.

The FAC also contains allegations that prison officials retaliated against him for filing previous civil actions against them, and for using the prison written grievance system. He claims that the retaliation for his litigation activities is the result of his successful appeal and dismissal of false disciplinary charges filed against him.

On August 20, 2013, the Court ordered the Clerk to issue a summons as to the FAC upon various Defendants, ordered Plaintiff to complete the Form 285s sent to him and return them to the United State Marshal, so that the United States Marshal can serve the FAC and summons on each Defendant. As of the date of this Order, the record does not reflect that Plaintiff has returned the Form 285s to the United States Marshal.

B. <u>Plaintiff's Motion for Temporary Stay</u>

Plaintiff requests that this case be temporarily stayed for 60 days because on August 20, 2013, he was transferred from Calipatria State Prison to Ironwood State Prison. Thereafter, on August 27, 2013, Plaintiff was informed by officials at Ironwood State Prison that he may be transferred to Corcoran State Prison, or another prison. As of the date of this Order, Plaintiff has not informed the Court regarding the decision as to where he will be transferred, or if he will be transferred at all. Plaintiff states that he was informed that "the transfer

would take place within days or a couple of weeks." (Motion at 2-3).

Plaintiff believes that he has been purposely "thrown into a tornado of transfers by prison officials to prevent (him) from timely pursuing" this action. (Motion at 4).

C. Ruling

When injunctive relief sought goes to the merits of a plaintiff's action, or a complete stay of an action, magistrate judges' orders under 28 U.S.C. § 636(b)(1)(A) are precluded. Reynaga v. Cammisa, 971 F.2d 414, 416 (9th Cir. 1992).

Motions to stay have not been held to be generically dispositive. However, where the effect of a ruling on the motion is denial of Plaintiff's claims for relief in his complaint, the motion is considered dispositive. Benyamini v. Hommer, 2013 WL 268833 at *7 (E.D. Cal. 2013), Elmore v. Arong, 2010 WL 796983 (E.D. Cal. 2010), Gamez v. Ryan, 2013 WL 1897132 at *4 (D. AZ 2013).

Here, Plaintiff's Motion does not reach the merits of his underlying FAC. His FAC alleges retaliation by prison officials in the form of lost job opportunities for his grievance and litigation activities. The Motion seeks a temporary stay of the proceedings until he is permanently housed. Moreover, Plaintiff does not seek a complete stay of the action. Rather, he seeks a limited 60 day stay. Therefore, the Motion is not dispositive and can

be resolved by an order issued by a magistrate judge. <u>Benyamini</u>, <u>supra</u> at *7.

At this time, there are no deadlines with which Plaintiff must comply. Plaintiff has only been directed by the Court to complete the Form 285s that were sent to him and return them to the United States Marshal. The record in this action does not reflect that Plaintiff has returned the completed Form 285s to the United States Marshal. Once the completed Form 285s are returned to the United States Marshal, the United States Marshal will serve the Defendants. In the Court's experience, after the Form 285s are returned to the United States Marshal, it takes some time for the United States Marshal to serve the Defendants. As a result, unless and until Plaintiff returns the Form 285s to the United States Marshal, the United States Marshal serves the Defendants, and the Defendants respond to Plaintiff's FAC, the case will not proceed. In effect, by Plaintiff's inaction to date, he has self-imposed a *defacto* stay of this case.

Further, after the Defendants have been served and have responded to the FAC, and if Plaintiff needs additional time to file motions or comply with the schedule the Court will issue in the future, he may seek extensions of time, as needed. See <u>Benyamini</u>, <u>supra</u> at *8.

Consequently, Plaintiff will have ample time to proceed with this case after he is permanently housed. Since this case is in its infancy, the Court does not see any reason to stay the case at this time. As a result,

1 | Plaintiff's Motion To Temporarily Stay The Proceedings is
2 | DENIED.

4 | DATED:   September 9, 2013

```
                                    _____
                                    Hon. William V. Gallo
                                    U.S. Magistrate Judge
```