# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY MONTANA GUERRA, CDCR #C-23500,<br><br>Plaintiff,<br><br>vs.<br><br>G.J. JANDA, et al.,<br><br>Defendants. | Civil Case No. 12-CV-2313-BEN (JLB)<br><br>**ORDER:**<br><br>1) **CONSTRUING PLAINTIFF'S OBJECTION AS A MOTION FOR RELIEF FROM A JUDGMENT OR ORDER PURSUANT TO FED. R. CIV. P. 60(b)(1)**<br><br>2) **GRANTING RELIEF PURSUANT TO FED. R. CIV. P. 60(b)(1)**<br><br>**AND**<br><br>3) **DIRECTING CLERK OF COURT TO RE-OPEN CIVIL ACTION AS TO DEFENDANT G.J. JANDA**<br><br>[ECF Doc. No. 75] |

Danny Montana Guerra ("Plaintiff"), a prisoner currently incarcerated at Ironwood State Prison, is proceeding in pro se in this civil action pursuant to 42 U.S.C. § 1983.

## I. Procedural History

On July 22, 2014, the Court granted in part and denied in part Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. (ECF Doc. No. 68). In its Order, the Court denied Defendants' Motion to Dismiss Plaintiff's claims against Defendant Janda

based on Plaintiff's alleged failure to exhaust available administrative remedies as to Janda pursuant to 42 U.S.C. § 1997e(a) and Federal Rule of Civil Procedure 12(b) in light of the Ninth Circuit's intervening decision in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc), *petition for cert. filed*, 83 U.S.L.W. 3097 (U.S. July 2, 2014) (No. 14-82), which requires "disputed questions of material fact relevant to exhaustion" to be decided by way of summary judgment. *Id.* at 1170-72; July 22, 2014 Order (ECF Doc. No. 68) at 9-10, 20. The Court further granted Defendants' Motion to Dismiss Plaintiff's 2003, 2004, and 2006 claims of retaliation against Defendant Janda for failing to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because it found them barred by the statute of limitations. *See id.* at 17-19, 21. The Court then included Defendant Janda in a list of Defendants the Clerk was directed to terminate as parties based on Plaintiff's failure to state a timely claim for relief against them pursuant to Federal Rule of Civil Procedure 12(b)(6), and ordered only Defendants Nava, McShan, and McNair to file a responsive pleading pursuant to Federal Rule of Civil Procedure 12(a)(4)(A). *Id.* at 21.

On August 21, 2014, Plaintiff filed a "Motion for Extension of Time to File Objection" to the Court's July 22, 2014 Order (ECF Doc. No. 72). On August 28, 2014, the Court denied Plaintiff's Motion on grounds that "there is no time period for 'objecting' to a court order under the Federal Rules of Civil Procedure." Aug. 28, 2014 Order (ECF Doc. No. 74) at 1. On September 2, 2014, Plaintiff filed his Objection (ECF Doc. No. 75). While Plaintiff does not cite Rule 60, the Court liberally construes his objection as a request for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b), insofar as he argues the Court mistakenly directed the Clerk to terminate the action as to Defendant Janda. *See* Pl.'s Obj. (ECF Doc. No. 75) at 6; *see also Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (noting court's obligation "where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)).

## II. Plaintiff's Objection

### A. Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration or for filing an 'objection' to a district judge's Order. However, a motion requesting reconsideration of a matter previously decided may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under Rule 60, a motion for relief from a final judgment, order or proceeding may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Reconsideration under Rule 60 may be granted for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) other reason that justifies relief. FED. R. CIV. P. 60(b).

### B. Discussion

While Plaintiff concedes the 2003, 2004, and 2006 claims of retaliation alleged in his First Amended Complaint (ECF Doc. No. 11) against Janda were properly dismissed as untimely, he correctly points out that Defendants' Motion to Dismiss (ECF Doc. No. 20) did *not* seek to dismiss a "separate" and "distinct" act of retaliation he alleged against Defendant Janda arising in 2011 on grounds that it failed to state a claim upon which relief can be granted, or because it was untimely pursuant to Federal Rule of Civil Procedure 12(b)(6), and instead, only sought dismissal of his claims against Janda on exhaustion grounds.[1]  *Id.* at 6; *see also* Defs.' Mot. to Dismiss (ECF Doc. No. 20-1) at 5, 8-9.

---

[1] As the Court noted in its July 22, 2014 Order, *Albino* now requires that Defendants raise the non-exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a) as a basis for dismissal in a Rule 56 Motion. *See* July 22, 2014 Order (ECF Doc. No. 68) at 9. Therefore, "to the extent Defendants move[d] to dismiss Plaintiff's claims against Defendant Janda [pursuant to Federal Rule of Civil Procedure 12(b)] based on Plaintiff's failure to exhaust, their Motion [was] DENIED." *Id.* at 10.

Therefore, Plaintiff argues that to the extent his First Amended Complaint alleges that "G.J. Janda in *2011* authored a confidential memorandum to Calipatria Prison staff to continue to deny [him] clerical status, to block and interfere with [his] litigation attempts toward Department of Corrections staff," on grounds that Plaintiff "pose[d] a litigation menace to the Department and staff," *see* Am. Compl. (ECF Doc. No. 11) at 11 ¶ 20 (emphasis added), this separate and distinct retaliation claim is timely, has not been dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), and remains to be litigated.[2] *See* Pl.'s Obj. at 6-8.

The Court agrees, sustains Plaintiff's objection, and grants his request to reconsider its July 22, 2014 Order to the extent that it prematurely directed the Clerk to terminate the action as to Defendant G.J. Janda.[3] *See* FED. R. CIV. P. 60(b)(1).

### III. CONCLUSION AND ORDER

Accordingly, the Court hereby:

(1) **CONSTRUES** Plaintiff's Objection (ECF Doc. No. 75) as a Motion for Relief from its July 22, 2014 Order and **GRANTS** Plaintiff's Motion pursuant to Federal Rule of Civil Procedure 60(b)(1);

(2) **DIRECTS** the Clerk of Court to re-open this civil action as to Defendant G.J. Janda, as he remains a party to this suit; and

///

---

[2] The gravamen of Plaintiff's First Amended Complaint, and the basis for all his *other* retaliation claims against all other Defendants, focuses on a similar "confidential memorandum dated May 2003 [and] authored by Defendant G.J. Janda which ordered (in part) that [Plaintiff] should be removed from his clerical position due to being a litigation menace towards [CAL] staff and the State of California." *See* Am. Compl. (ECF Doc. No. 11) at 6-7. As to a *new* confidential memo authored by Janda in 2011, Plaintiff mentions this only once in what is a concededly verbose and convoluted pleading. *Id.* at 11.

[3] To be clear, Plaintiff's claims that Janda authored a new confidential memo in 2011 re-labeling him as a "litigation menace" in retaliation for the exercise of his constitutional right to petition for redress may nevertheless be subject to dismissal if Plaintiff failed to properly exhaust his administrative remedies as to this claim before he filed suit. However, Defendant Janda must seek dismissal under 42 U.S.C. § 1997e(a) in a motion brought pursuant to Federal Rule of Civil Procedure 56, since it is not at all clear from the face of Plaintiff's pleading that this 2011 retaliation claim alleged against Janda is unexhausted. *See Albino*, 747 F.3d at 1169, 1170-71.

(3) **ORDERS** Defendant G.J. Janda to file a responsive pleading to Plaintiff's First Amended Complaint within 14 days of this Order pursuant to Federal Rule of Civil Procedure 12(a)(4)(A).[4]

**IT IS SO ORDERED.**

DATED: September 6, 2014

HON. ROGER T. BENITEZ
United States District Judge

---

[4] Because Defendant Janda has already filed a Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), he "may not make another motion under [Rule 12] raising a defense or objection that was available to [him] but omitted from [his] earlier motion." FED. R. CIV. P. 12(g)(2); *Hillis v. Heineman*, 626 F.3d 1014, 1017 (9th Cir. 2010).